* Ben Oglansky, Mollie B. Tankenoff and Albert I. Berkus, Trustees, Alex G. and Mollie B. Tankenoff Trust v. Commissioner. Oglansky v. Commissioner
Docket No. 86767.
United States Tax Court
T.C. Memo 1963-18; 1963 Tax Ct. Memo LEXIS 326; 22 T.C.M. (CCH) 74; T.C.M. (RIA) 63018; January 23, 1963
*326 Taxpayer purchased original issue discount 10-year notes. Held, the gain realized upon the assignment of the notes, before 10 years from issue, was in the nature of interest taxable as ordinary income. Richard B. Gibbons, 37 T.C. 569, followed. Leonard A. Rapoport, Esq., 450 Endicott Bldg., St. Paul, Minn., for the petitioner. Benjamin E. Butts, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioner's income tax for 1957 in the amount of $1,295.96. The issue is whether the profit realized from the assignment of 10-year registered notes constitutes capital gain or interest income. All of the facts are stipulated and they are found accordingly. The Alex G. and Mollie B. Tankenoff Trust is an inter vivos trust created pursuant to a written instrument executed March 20, 1944, by Alex G. Tankenoff and his wife, Mollie B. Tankenoff, as donors. The trustees of said trust are residents of St. Paul, Minnesota. The fiduciary income tax return with respect to said trust for the calendar year 1957 was filed with the district director of internal revenue for the district of Minnesota *327 at St. Paul, Minnesota. The income of the Alex G. and Mollie B. Tankenoff Trust is reported and the books and records of said trust are kept on the cash receipts and disbursements method of accounting. On or about September 1, 1953, the trustees, on behalf of the Alex G. and Mollie B. Tankenoff Trust, invested trust funds by purchasing at a discount 10-year registered notes from the Gary Company with a face value of $110,000 for a total cost of $55,407, identified by number, cost and maturity amount as follows: Maturity
Cost
Amount
A-1
$ 5,037.00
$ 10,000
A-2
5,037.00
10,000
A-3
5,037.00
10,000
A-4
5,037.00
10,000
A-5
5,037.00
10,000
A-6
5,037.00
10,000
A-7
5,037.00
10,000
A-8
5,037.00
10,000
A-9
5,037.00
10,000
A-10
5,037.00
10,000
B-1
2,518.50
5,000
B-2
2,518.50
5,000
$55,407.00
$110,000
A specimen copy of one of the notes is as follows: GARY COMPANY 10 Year Registered Note No. A. $10,000.00 St. Paul, Minnesota,…, 19 . GARY COMPANY, a Minnesota corporation, for value received, hereby promises to pay to… ten (10) years after the date hereof, upon presentation of this note at the office of Gary Company, *328 at 1457 University Avenue, St. Paul, Minnesota, the sum of Ten Thousand Dollars, in legal tender of the United States of America. No assignment hereof shall be valid unless made on the registry books of Gary Company maintained at the office of said Company by the registered holder hereof by authorization in writing. Gary Company shall have the option, at its election, upon notice as hereinafter provided, to redeem this note in accordance with the following schedule and at the following amounts: Redemption
Price
At the expiration of 1 1/2 years
after issue
$5,572.00
At the expiration of 2 years
after issue
5,767.00
At the expiration of 2 1/2 years
after issue
$5,968.90
At the expiration of 3 years
after issue
6,177.80
At the expiration of 3 1/2 years
after issue
6,394.00
At the expiration of 4 years
after issue
6,617.80
At the expiration of 4 1/2 years
after issue
6,849.50
At the expiration of 5 years
after issue
7,089.20
At the expiration of 5 1/2 years
after issue
7,337.30
At the expiration of 6 years
after issue
7,594.10
At the expiration of 6 1/2 years
after issue
7,859.90
At the expiration of 7 years
after issue
8,135.00
At the expiration of 7 1/2 years
after issue
8,419.70
At the expiration of 8 years
after issue
8,714.40
At the expiration of 8 1/2 years
after issue
9,019.40
At the expiration of 9 years
after issue
9,335.10
At the expiration of 9 1/2 years
after issue
9,661.80
*329 Notice of such election to redeem shall be given by registered mail directed to the registered owner hereof at his address as recorded upon the registry books of Gary Company at least thirty (30) days prior to the proposed date of redemption. If after such notice the registered owner hereof does not present this note for payment at the place in such notice specified within thirty (30) days after the time specified in such notice, this note, upon the date specified in said notice, shall cease to increase in value and Gary Company shall be relieved of its obligation to pay any amount in excess of the value hereof on the date elected by Gary Company for redemption unless payment of that amount is refused upon presentation hereof at the office of the Company in St. Paul, Minnesota, at or after the time specified in such notice of redemption. In the event of such default by Gary Company 7% interest per annum hereon shall run, beginning with the date of such default. Should Gary Company default in the payment upon presentation hereof by the registered owner at or after maturity, interest at 7% per annum shall run, beginning with the date of such default. Payment, in accordance with *330 the terms hereof, to the registered owner hereof, as shown on the registry books of Gary Company upon redemption or maturity shall operate to wholly discharge Gary Company from any liability hereon. IN WITNESS WHEREOF, the Gary Company has signed and sealed this note the day and year first above written. GARY COMPANY By As President Attest: As Secretary (Corporate Seal) Forms were attached to the notes which were to be executed in case of assignment and to record registration data. On or about May 31, 1957, petitioner assigned to the Hillcrest Development, a co-partnership, 6 of the 10-year registered notes which had been acquired at a total cost of $27,703.50, for $35,475, identified by number, as follows: Maturity
Cost
Amount
A-1
$ 5,037.00
$10,000
A-2
5,037.00
10,000
A-3
5,037.00
10,000
A-4
5,037.00
10,000
A-5
5,037.00
10,000
B-1
2,518.50
5,000
$27,703.50
$55,000
Petitioner reported the net profit of $7,771.50 realized from the assignment of Gary Company 10-year registered notes to Hillcrest Development as long-term capital gain. The deficiency is based upon respondent's determination that the profit of $7,771.50 *331 was taxable as ordinary income. Petitioner argues the trust realized long-term capital gain upon the assignment of the notes at a profit of $7,771.50 since said notes were capital assets in the hands of petitioner and were held for more than six months. Respondent contends the profit realized upon the assignment of the notes represented interest or compensation received for the use of money and such compensation is taxable as ordinary income. We agree with respondent. The case is not distinguishable in principle from ; ; ; and . These were all cases where it was held the fully earned increments on evidences of indebtedness with original issue discounts and predetermined increases in value at various dates up to maturity, constituted ordinary (interest) income. Petitioner argues this case is distinguishable from the cited cases because here the petitioner had no right to demand redemption prior to maturity while the taxpayers in the cited cases had a right *332 to require redemption by the debtor at various amounts prior to maturity. This factual difference is immaterial. It is clear that the notes which were purchased at an original issue discount from face will produce interest income for as long as the issuer retains the money evidenced by the note. Petitioner places importance upon the fact that here the gain was realized upon assignment or sale of the notes and not, as in the cited cases, upon redemption at maturity. Here again, the fact is immaterial. Once it is concluded the scheduled payment increases are in the nature of accrued interest, then the general rule of the sale of interest bearing paper between interest dates is applicable. In , affirming , the Appellate Court stated the "nearly unanimous" holding of the courts with respect to the sale of bonds between interest dates, to be as follows: Since the purchaser of accrued interest is not regarded as receiving interest income, the seller, who held the bond while the interest accrued, should be. He is receiving compensation for the use of his money whether the payment comes from the debtor *333 or from a purchaser. * * * We hold respondent's determination to be correct. Decision will be entered for the respondent. Footnotes
*. Pursuant to an official Tax Court order, dated February 18, 1963 and signed by Judge Mulroney, the decision of the court, entered January 24, 1963, was amended in the caption to read: "Alex G. and Mollie B. Tankenoff Trust, Ben Oglansky, Mollie B. Tankenoff and Albert I. Berkus, Trustees,…"↩